UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X  For Online Publication Only
JASON BRAND,

            Plaintiff,

    -against-  **ORDER**
    15-CV-6678 (JMA) (GRB)

ARCH SPECIALTY INSURANCE
COMPANY, *et. al.*,

            Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Plaintiff Jason Brand initiated this action against defendants Arch Specialty Insurance Company ("Arch") and Brown & Brown of Garden City Inc. ("Brown & Brown"). Plaintiff seeks defense costs and other monetary and declaratory relief in connection with a criminal prosecution against Brand for insurance fraud of which Arch is the alleged victim. On September 19, 2016, Brown & Brown filed a motion to dismiss the complaint. On August 9, 2017, Arch filed a motion to dismiss. The Court referred both motions to Magistrate Judge Brown for report and recommendation.

In a report and recommendation issued on November 19, 2017 (the "Nov. 9 R&R"), Judge Brown recommends that Brown & Brown's motion to dismiss be granted for lack of diversity jurisdiction. Plaintiff has not filed an objection to the Nov. 9 R&R.

In a Report and Recommendation issued on January 10, 2018 (the "Jan. 10 R&R"), Judge Brown recommends that defendant Arch's motion to dismiss also be granted. In an order dated March 31, 2016, this Court previously dismissed plaintiff's initial complaint for failure to state a viable claim for relief. In that order, this Court specifically cautioned plaintiff that upon repleading, he would be required to identify the "provision of the insurance contract or policy that

1

defendants have allegedly violated." (ECF No. 11 at 4.) In the Jan. 10 R&R, Judge Brown notes that plaintiff's amended complaint refers to coverage for a "suit" available under the policy, but omits the definition of "suit" contained in each policy, which is defined as a "civil proceeding" (Jan. 10 R&R at 2-3.) In the Jan. 10 R&R, Judge Brown concludes that "Brand's indictment and prosecution for insurance fraud does not fall within" the definition of a "civil proceeding," and, thus, recommends that plaintiff's complaint be dismissed with prejudice as plaintiff has already been afforded an opportunity to replead, and any attempt to replead would be futile. On February 12, 2018, plaintiff filed untimely objections to the Jan. 10 R&R.[1]

Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts both R&Rs in their entirety as the opinions of the Court.

## I. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## II. DISCUSSION

**A. The Nov. 9 R&R**

In the Nov. 9 R&R, Judge Brown recommends that Brown & Brown's motion to dismiss to be granted and that Brown & Brown be dismissed for lack of diversity jurisdiction. In the R&R,

---

[1] Shortly before this order was issued, on March 16, 2018, Brand filed additional objections to the Jan. 10 R&R. The Court declines to consider these additional objections as they are clearly untimely.

2

which was made on the record following a hearing on the diversity jurisdiction issue, Judge Brown explicitly advised plaintiff that he had fourteen days to file objections and advised him that failure to file objections within fourteen days would preclude further judicial review of the R&R. See Trustees of Operative Plasters' & Cement Masons' Int'l Ass'n, Local 262 Welfare Fund v. Emerald Drywall Finishing Corp., No. 14-CV-4631, 2015 WL 5836023, at *1 (S.D.N.Y. Oct. 6, 2015). No objections have been filed and the time for objections has passed. The Court has reviewed the Nov. 9 R&R for clear error and, finding no such error, adopts Judge Brown's Nov. 9 R&R in its entirety as the opinion of the Court. Accordingly, the Court grants Brown & Brown's motion to dismiss.

**B. The Jan. 10 R&R**

Brand was required to file any written objections to the Jan. 10 R&R with the Clerk of the Court within fourteen (14) days of service. Magistrate Judge Brown explicitly cautioned that "[f]ailure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals." Arch filed a certificate of service for the Jan. 10 R&R on January 11, 2018. Brand filed objections to the Jan. 10 R&R over one month later, on February 12, 2018.[2] Accordingly, Brand has waived any judicial review of the Jan. 10 R&R.

In any event, even if the Court were to consider Brand's February 12, 2018 objections, nothing Brand sets forth in his papers provide any basis for the Court to deny the motion to dismiss. Indeed, Brand appears to concede that Judge Brown correctly recommended dismissal of the case, stating that the "Honorable Brown is correct in his recommendation to dismiss this case specifically upon his findings that he states in his opinion." (Obj. at 1.) Brand, however, argues

---

[2] As noted above, on March 16, 2018, Brand filed additional objections to the Jan. 10 R&R. The Court declines to consider these additional objections as they are clearly untimely.

that the Jan. 10 R&R "lacks the full substance of the case" and "fails to specify the causes of actions and the complete details as to why the Plaintiff is entitled to relief." (Id.) Brand then goes on to include a lengthy recitation of factual allegations concerning the circumstances under which he entered into the policy, details surrounding a building collapse and demolition, and the current criminal allegations pending against him. With regard to the policy, Brand generally appears to argue that the policy was "not a basic general policy, but customized specifically" for the project, and that Arch "accepted the risk" in contracting with plaintiff, by charging plaintiff a higher premium, triggering a "broad duty to defend" under the policies. (Obj. at 1, 6.) Brand, however, fails to make any argument challenging Judge Brown's well-reasoned decision, which correctly analyzed the contractual language at issue.

Because plaintiff has not offered any timely specific objection to the Jan. 10 R&R, the Court reviews the Jan. 10 R&R for clear error. Finding no such error, the Court overrules plaintiff's objection and adopts the R&R in its entirety.[3] Accordingly, the Court grants defendant Arch's motion to dismiss, and dismisses all the claims brought by plaintiff with prejudice.

### III. CONCLUSION

For the reasons stated above, the motions to dismiss filed by Brown & Brown and Arch are hereby granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

---

[3] Even if Brand's objections were sufficient to trigger de novo review of the Jan. 10 R&R, the Court would still grant Arch's motion to dismiss for the reasons stated in Jan. 10 R&R.

4

The Clerk of the Court is directed to mail a copy of this order to plaintiff and to close this case.

**SO ORDERED.**

Dated: March 21, 2018
Central Islip, New York

                                          /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE